1702.   HILL v. COLE BROTHERS LIGHTNING ROD CO.

On an issue of non est factum, where the signer of a writing admits his
signature thereto but insists that a material alteration has been made
therein, the materiality of the alteration is a question for determina·
tion by the court in the first instance; but where the alteration may
be prejudicial in its effect upon the complaining party, the question as
to whether an alteration was made after the instrument was signed
should always be submitted to the jury; for if the jury find that the
alteration was made, the plaintiff is obliged to establish his contract
by evidence extrinsic; and for that reason the defendant becomes enti-
tled to show, even by parol, what were the real terms of the contract
before the alteration was made, or that the alteration was such as to
destroy the contract; or that without the alteration no contract would
have been created.

Complaint; from city court of Macon—Judge Hodges.  Janu-
ary 12, 1909.

Submitted March 30,—Decided December 4, 1909.

*L. D. Moore,* for plaintiff in error.

*F. Chambers & Son,* contra.

RUSSELL, J.  Hill, who was the defendant in the court below,
excepts to the judgment sustaining a demurrer to his plea, and·to
the direction of the verdict in favor of the plaintiff.   The Light-
ning Rod Company brought suit for $85.50, with interest from
March 14, 1908, on an order for a system of circuit lightning con-
ductors, which purported ·to be signed by Hill, and in which he
agreed to pay for the rod at 47½ cents per foot.   Upon the order
attached to the petition there was a delivery report which stated
that there was delivered upon the within order 180 feet of rod at
47½ cents per foot, 5 F points, 3 balls, and 1 arrow, making a

total of $85.50.   We only deem it necessary to deal with the exception to the order striking the defendant's plea; because if the demurrer thereto was properly sustained, it was not error to direct a verdict thereafter in favor of the plaintiff.

Upon consideration of the alleged order for the lightning rods, and the defendant's answer to the petition, of which the order formed a part, we are of the opinion that the court was in error in striking the defendant's answer.   It is, of course, settled that it is the province of the court to construe the meaning of written instruments; and parol evidence is inadmissible for the purpose of adding to, varying, or explaining writings, where the meaning is plain and palpable.   The learned judge of the lower court, no doubt, overlooked the materiality of that statement of the defendant's answer in which it was alleged that at the time that he signed the original contract to purchase the lightning rods, the space preceding the word "rods" was blank, and that it was thereafter, without his consent, filled by inserting the figure "2," for the purpose of increasing the amount of his liability.   Upon our first reading of the record, we confess, we were likewise of the opinion that the alteration of the contract by the insertion of the figure "2" was one of those harmless acts done to complete the instrument, without intent to defraud the opposite party,—that it was harmless to him, and therefore was immaterial, and failed to afford a basis for a plea of non est factum.   Upon more mature reflection we are satisfied that the defendant's plea, considered as a whole, presents a valid defense, at least so far as the amount of his liability is concerned.   If it is true, as stated by the defendant, that the number of rods was left blank at the time that he signed the order for the lightning rods, then the burden would be cast upon the plaintiff of showing by parol how many rods were contracted for.   And the plaintiff being thus remitted to parol evidence, the defendant would have the right, by parol, to show a different number of rods, or that the rods ordered were not to exceed a given amount.   If at the time that the defendant signed the order for the lightning rods the number "2" had already been inserted in the agreement of purchase, this would be conclusive upon the defendant, and parol evidence would be inadmissible to vary the stipulation that he was to pay at the rate of 47½ cents per foot for the rods.   This, however, the defendant denies, and in addition he pleads that he was assured

by the agent of the Lightning Rod Company that the total amount of his contract would in no event exceed $60. If, when the defendant signed the contract, it provided for two rods, he would be bound at 47½ cents per foot for whatever number of feet of lightning rod might be required to construct the two rods. If the space was left blank and the lightning-rod agent represented that the work would not exceed $60 in price, then it would be a question, to be determined by the jury, as to the number of rods necessary to make a complete job, and as to whether, in putting more rods than one, the Lightning Rod Company waived the stipulation as to 47½ cents per foot, in order to carry out its contract to rod the house at an amount not exceeding $60. If the amount of the rods was left blank in the contract, the Lightning Rod Company (if the agreement that the total cost of placing the rods should not exceed $60 was really made and the agent-represented that that amount of rod would be adequate) would have to furnish that quantity of rods, regardless of the stipulation fixing the price at 47½ cents per foot.

It can plainly be seen that the insertion of any number into the blank of this contract would not be a merely immaterial matter, insufficient to support a plea of non est factum. Conceding that the defendant is bound by his contract to pay 47½ cents per foot for the lightning rod, one rod might take ninety feet, and the amount would fall within the $60; if the blank were filled with the figure "10," ten rods on the same house, each ninety feet in length, would run the bill to nearly $400; and if the number of rods were left blank and the Lightning Rod Company saw fit to run ten or a dozen rods, it would then become a question, to be ascertained by parol evidence, as to what was within the contemplation of the parties in reference to the number of rods, at the time the contract was made; and if in fact the blank specifying the number of rods had not been filled at the time the contract was signed by Hill, that very question arises in this case, to be ascertained by extrinsic evidence, even though it be parol and to be solved by a jury. On an issue of non est factum, where the signer of a writing admits his signature thereto but insists that a material alteration has been made therein, the materiality of the alteration is a question for determination by the court in the first instance; but where the alteration may be prejudicial in its effect upon the complaining party, the question as to whether an alteration was made after the

instrument was signed should always be submitted to the jury; for, if the jury find that the alteration was made, the plaintiff is obliged to establish his contract by evidence extrinsic; and for that reason the defendant becomes entitled to show, even by parol, what were the terms of the contract before the alteration was made, or that the alteration was such as to destroy the contract, or that without the alteration no contract would have been created. In the present case, if the defendant establishes the fact that the number of rods was not specified in the contract as he signed it, he will then be entitled to show what was the real contract as to the quantity of rods he purchased, and it will be a question whether the number of feet to be used was to exceed $60 worth or not.

*Judgment reversed.*